UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| F. RENEE MORRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO.: 1:18-cv-00374-WCL-SLC |
| v. | ) |
| | ) |
| FIFTH THIRD BANK, | ) |
| | ) |
| Defendant. | ) |

**<u>DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO STRIKE</u>**

Defendant, Fifth Third Bank ("Fifth Third"), by counsel, submits this Brief in Support of its Motion to Strike. The "Statement of Genuine Disputes" Plaintiff, R. Renee Morrison ("Morrison"), filed does not comply with Local Rule 56-1 because it strays too far from merely stating disputed facts and instead rehashes and emphasizes undisputed facts. Fifth Third also respectfully asks the Court to disregard Morrison's evidence regarding any alleged failure to promote, so as to avoid a trial-within-a-trial on claims that are time barred. Finally, much of the evidence Morrison cites is inadmissible because it lacks foundation or is hearsay. Specifically, Fifth Third requests the Court to strike paragraphs 5, 7, and 12 of Morrison's affidavit (Dkt. 36-8); paragraphs 8 and 17 of Jaqueline Lonis's affidavit (Dkt. 36-9); paragraph 6 of Trisha Murphy's affidavit (Dkt. 36-11); the June 1, 2013 letter re promotion denial (Dkt. 36-13); and, the Fort Wayne Metropolitan Human Relations Commission's determination (Dkt. 36-14).

**I.     Morrison's Statement of Genuine Disputes Violates Local Rule 56-1.**

As an initial matter, Morrison's filing titled "Statement of Genuine Disputes" does not comply with Local Rule 56-1(b)(2) because it is not limited to disputed facts. Rather, it is Morrison's lengthy retelling of the facts, including many things on which the parties agree, but

with a smattering of disagreements[1] scattered throughout. What is more, Morrison re-files exhibits that are already in the record, and not always accurately. Docket entry 36-7 is a three-page portion of the 19-page signature card policy, and Morrison cites this portion in arguing that the signature card policy is incomplete in that it lacks all purported exceptions. (Dkt. 36-1 at 7.)

By reiterating and emphasizing points of agreement, the filing puts irrelevant facts front-of-mind and serves to confuse the issues. This tactic should not be permitted. Such violations of Local Rule 56-1(b)(2) "place an undue burden and prejudice not only on the defendant but also the Court." *Cooper v. Eaton Corp.*, 2020 U.S. Dist. LEXIS 202738, *29, 2020 WL 6383767 (N.D. Ind. October 30, 2020).

## II. Morrison's Allegations that Milner Failed to Promote Her Confuse the Issues and Are Prejudicial to Fifth Third.

Morrison's factual contentions around Milner's alleged 2013 use of the word "fit" cross the line from background into being a prejudicial end-run of the statute of limitations that confuses the issues and necessitates a burdensome trial within a trial. Under Federal Rule of Evidence 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See also*, *Hess v. Biomet, Inc.*, No. 3:16-CV-208 JD, 2019 U.S. Dist. LEXIS 196278, at *39 (N.D. Ind. Nov. 13, 2019) (striking testimony from summary judgment consideration based on Fed. R. Evid. 403).

Morrison concedes that the statute of limitations cuts off any failure to promote claims she may have had that were based on events before October 17, 2014. (Dkt. 40-1 at 19.) Yet, in

---

[1] These disagreements are either unsupported or immaterial.

2

Morrison's introduction, the first factual allegation she lists is her contention that Fifth Third discriminated against her "by failing to promote her into [a] position she was qualified to fill." (*Id.* at 2.) Morrison spends significant portions of her Response Brief and her Statement of Genuine Disputes arguing that, because of her race, John Milner failed to promote her. (Dkt. 36-1 at 4-5; Dkt. 40-1 at 10-11, 17.) Morrison's leading argument that she has evidence of racial bias in Fifth Third's decision making is her contention that she was the "superlative choice" and Fifth Third failed to promote her. (Dkt. 40-1 at 11.)

Due to Morrison's focus on these expired claims, Fifth Third has no choice but to address them on the merits *despite the fact they are time barred*. This denial of the benefit of the statute of limitations certainly prejudices Fifth Third. Though Morrison agrees claims are untimely, Fifth Third nonetheless has been forced to submit additional evidence and new argument that Morrison cannot establish the prima facie case for her failure to promote claims to set the record straight, filed contemporaneously herewith. Morrison does not merely point out the alleged history as context for Morrison and Milner's relationship. Morrison actively attempts to prove the failure to promote claim by shoehorning it front-and-center into her discrimination and retaliation arguments.

Moreover, the evidence has little probative value for Morrison's discrimination or retaliation claims. Rather, the relevant part of this background history is the alleged comment and whether the comment was connected to her race. Venturing beyond that into merits of her failure to promote claim would add little.

3

**III.     Portions of Morrison's, Lonis's, and Murphy's Affidavits Should be Struck.**

Affidavits in support of or opposing summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Rather than strike an affidavit in its entirety, courts only strike the improper portions. *Harrison v. City of Fort Wayne*, 2020 U.S. Dist. LEXIS 55273, *3 (N.D. Ind. March 31, 2020). Specifically, the following kinds of statements are improper for an affidavit and should be struck and disregarded: "(1) conclusory allegations lacking supporting evidence; (2) legal argument; (3) inferences or opinions not grounded in observation or other first-hand personal experience; (4) mere speculation or conjecture; and (5) statements in affidavits which blatantly contradict prior sworn testimony in an attempt to create sham issues of genuine dispute." *Id.* (internal citations and quotation marks omitted).

**A.     Morrison's Affidavit (Dkt. 36-8)[2]**

The Court should strike paragraph 5 of Morrison's affidavit because it lacks supporting evidence and is mere speculation. Paragraph 5 states: "Based on my training, education, and experience in the banking industry and as an experienced FCM with the Defendant, I was passed over by John Milner instead of being hired or promoted into the positions." However, Morrison's affidavit does not lay any foundation for her claim that she "was passed over." In her deposition, Morrison admitted she did not know the qualifications of the women who were put in the roles at issue. (Ex. __, Morrison Dep. 120:5-123:15 ("I don't know about what they were qualified to do";

---

[2] Morrison signed her affidavit in "/s" format. While federal courts generally permit attorneys to sign in this format, the Northern District does not have a Local Rule that permits witnesses to use that format.

"I never said I was more qualified than them.")) Thus, she has no basis to state she was "passed over."

The Court should strike paragraph 7 because Morrison does not establish she has sufficient firsthand knowledge to support her claim to know the demographic makeup of the Lima Road branch's customer base in 2012 and 2013. Morrison claims she visited the branch 2-3 times per month nine years ago. Morrison does not claim she tracked the race of the customers who came into the branch or provide any reason to think Morrison could provide precise percentages of the racial makeup of the Lima Road customer base.

Paragraph 12 is self-interested and conclusory, and therefore, should be disregarded. Morrison claims she "never violated the Defendant's policies or procedures addressing self-dealing, conflicts of interests, gaming, attendance, signature cards, [sic]." Morrison cannot rely on this self-interested, unsupported, and conclusory statement. The statement contradicts Swiergosz's findings; yet Morrison does not include any facts that relate or respond to those Swiergosz relied on in her investigation. Moreover, it contradicts her deposition testimony that she had no basis to challenge Swiergosz's investigation or conclusion. (Dkt. 33-2 at 34, 36-37 (Morrison Dep. 189:12-19; 191:19-192:16.)) This bare statement cannot create a factual dispute and should be struck.

    **B.**    **Jaqueline Lonis's Affidavit (Dkt. 36-9)**

Paragraph 8 of Lonis's affidavit should be struck from the record. Lonis offers that, as a former Financial Center Manager ("FCM"), she is familiar with Fifth Third's disciplinary patterns. Lonis then posits that "at least 80% of the time the defendant followed a progressive discipline procedure." Apart from her conclusory statement that her "work as an FCM for the defendant allowed [her] to become familiar," Lonis offers no basis for this purported personal knowledge.

5

Moreover, Lonis does not provide any reason to believe she would be familiar with the disciplinary patterns of any other location, whether under Milner or anyone else. It is pure speculation without any foundation.

Also in paragraph 8, Lonis claims that when she "worked for the Fifth Third Bank, gaming was considered to be as serious of a policy violation as self-dealing." However, Lonis offers no basis for this purported personal knowledge. For example, Lonis does not cite any training on this topic, special authority to weigh violations, or even that she had the authority to discipline employees for either violation. Lonis's affidavit does not provide any firsthand experience with the self-dealing policy, and her only claimed experience with the gaming policy is when Swiergosz found she did not violate it. Thus, the Court cannot accept her testimony as evidence.

The Court should strike paragraph 17 because it is inadmissible character evidence. "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Lonis offers that Morrison is honest and trustworthy in an apparent effort to show that Morrison acted in accordance with those alleged traits and did not violate Fifth Third policies. Thus, the paragraph should be struck.

### C. Trisha Murphy Affidavit (Dkt. 36-11)

Just like paragraph 17 of Lonis's affidavit, paragraph 6 of Murphy's affidavit is inadmissible character evidence under Rule 404(a)(1). Morrison cannot rely on Murphy's opinion of Morrison's character to show Morrison did not violate Fifth Third policy.

6

IV.     **Morrison Fails to Lay Foundation for the June 1, 2013, letter.**

The Court should strike the letter dated June 1, 2013, and addressed to Human Resources Representative Jenifer Polakoff-Hewett (Dkt. 36-13) and disregard all arguments based on it because Morrison does not establish the proper foundation to enter the letter into evidence. Specifically, the only foundation for Morrison lays for the letter is her testimony that she "submitted" a copy to Polakoff-Hewett. (Dkt. 36-8 at ¶ 6.) However, Morrison relies on the letter as evidence of Polakoff-Hewett and Fifth Third's knowledge, despite the fact Morrison does not offer any foundation for her assumption that the letter was received and read. For Morrison to rely on this letter to show Polakoff-Hewett's knowledge, she would need testimony from Polakoff-Hewett confirming she received and reviewed the letter. Because it lacks the necessary foundation for the purpose Morrison offers it, the Court should strike the June 1 letter and disregard Morrison's arguments based on it.

V.      **The Fort Wayne Metropolitan Human Relations Commission's Determination Is Inadmissible Hearsay.**

Morrison relies on the determination of the Fort Wayne Metropolitan Human Relations Commission for the truth of the statements contained within it. (Dkt. 36-14.) Morrison relies on specific statements and conclusions repeated within the document. (Dkt. 36-1 at 4-5, 8, 15-16; Dkt. 40-1 at 14-15, 17.) However, statements within such determinations are hearsay. *Dobosz v. Quaker Chem. Corp.*, No. 2:15-CV-203-PRC, 2016 U.S. Dist. LEXIS 108833, at *34 (N.D. Ind. Aug. 16, 2016). Moreover, the conclusions have no probative value because the Court has no way of knowing what evidence was presented and whether it would have been admissible in court. *Id.* at *35 (citing *Silverman v. Bd. of Educ. of City of Chi.*, 637 F.3d 729, 733 (7th Cir. 2011)). For example, Morrison cites the determination's *summary of an anonymous, unsworn* statement for

7

her position that there is an exception to the signature card policy that permits FCMs to meet with customers who cannot make it into a branch. (Dkt. 36-1 at 8 (citing Dkt. 36-14 at 13.)) To properly inform the Court, the party should collect testimony, subject to cross examination, from the individuals. *Id.* at 34-35 (citing *Stolarczyk ex rel. Estate of Stolarczyk v. Senator Int'l Freight Forwarding, LLC*, 376 F. Supp. 2d 834, 838-39 (N.D. Ill. 2005)).

## VI.   Conclusion

Morrison's Statement of Genuine Disputes does not comply with Local Rule 56-1, and the Court should strike the inadmissible evidence on which Morrison relies.

WHEREFORE, the challenged portions of Morrison's designation of evidence should be struck from the record and not considered, including with respect to Fifth Third's Motion for Summary Judgment.

>    Respectfully submitted,
>
>    */s/ Dorothy D. McDermott*
>    Dorothy D. McDermott
>    Michael C. Mohler
>    Jackson Lewis P.C.
>    211 N. Pennsylvania Street, Suite 1700
>    Indianapolis, Indiana 46204
>    (317) 489-6930
>    (317) 489-6931 (facsimile)
>    dorothy.mcdermott@jacksonlewis.com
>    michael.mohler@jacksonlewis.com
>
>    Attorneys for Defendant Fifth Third Bank

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 23, 2021, a true and accurate copy of the foregoing *Defendant's Brief in Support of Motion to Strike* was filed electronically with the Court. Notice of this filing will be sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Ilene Smith
Lori W. Jansen
Christopher C. Myers
CHRISTOPHER C. MYERS & ASSOCIATES
809 South Calhoun Street, Suite 400
Fort Wayne, IN  46802
ismith@myers-law.com
ljansen@myers-law.com
cmyers@myers-law.com

Jennifer L. Hitchcock
Law Office of Jennifer L. Hitchcock
116 E. Berry Street. Suite 625
Fort Wayne, IN  46802
jennifer@jhitchcocklaw.com

*/s/ Dorothy D. McDermott*
Dorothy D. McDermott